UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEE PICKARD,<br><br>    Plaintiff,<br><br>    v.<br><br>MARCUS HOLTON, et al.,<br><br>    Defendants. | Case No. 12-cv-01489-JST<br><br>**ORDER ON MOTIONS IN LIMINE**<br><br>Re: ECF Nos. 57, 58, 59 |

The Court now rules as follows on the parties' motions in limine in connection with the trial scheduled for January 6, 2014.[1]

Plaintiff's Motion in Limine Numbers One & Three

Plaintiff's Motion in Limine Number One seeks an order

> excluding testimony and documentary evidence regarding Plaintiff's prior acts and behavior, except as specifically communicated to Defendant Marcus Holton prior to his shooting Plaintiff. Such acts and behaviors include but are not limited to: (1) Plaintiff's family and personal history, except as known by Defendant on the date of the incident; (2) Plaintiff's prior convictions and their nature or specific facts, except as known by Defendant on the date of the incident, and/or except as used for impeachment subject to Plaintiff's objection under FRE 403; (3) Plaintiff's history of drug use, except

---

[1] Plaintiff Pickard filed his oppositions late. The Standing Order for Civil Jury Trials Before District Judge Jon S. Tigar provides, in pertinent part,

> Unless otherwise ordered, any party wishing to have motions in limine heard prior to the commencement of trial shall file and serve any such motions at least ten days before the final pretrial conference. Any oppositions thereto shall be filed and served at least three court days before the final pretrial conference.

Thus, Plaintiff's oppositions were due on December 16, 2014, but were not filed until the eve of the pretrial conference, on December 18, 2014. Defendant is admonished to comply with the Court's rules and orders in the future.

> as known by Defendant on the date of the incident; (4) Plaintiff's prior suicide attempts; (5) Plaintiff's whereabouts, activities and statements in the days prior to the shooting, including text messages sent and received, except as known by Defendant on the date of the incident; (6) the exact substance of statements made to law enforcement regarding Plaintiff, including statements to police by Alice Mulkey and Kimberly Preston, and copies of allegedly forged checks, except as known by Defendant on the date of the incident.

Relatedly, Plaintiff's Motion In Limine Number Three seeks an order "excluding opinion testimony and documentary evidence regarding Plaintiff's drug abuse, mental health diagnosis, and/or mental state at the time of the incident, and to exclude opinion regarding Plaintiff's intent to commit suicide by cop."

Courts in the Ninth Circuit hold that information not known to a law enforcement officer at the time of an alleged excessive-force incident is not relevant to an evaluation of the objective reasonableness of the officer's actions under Graham v. Connor, 490 U.S. 386 (1989). Hayes v. Cnty. of San Diego, 739 F.3d 1223, 1232-33 (9th Cir. 2013); Ruvalcaba v. City of L.A., No. 2:12-cv-06683-ODW(MANx), 2014 WL 4426303, at *1-2 (C.D. Cal. Sept. 8, 2014); Willis v. City of Fresno, No. 1:09-CV-01766-BAM, 2014 WL1419239, at *20-22 (E.D. Cal. Apr. 14, 2014); Turner v. Cnty. of Kern, No. 1:11-CV-1366 AWI SKO, 2014 WL 560834, at *1-3 (E.D. Cal. Feb. 13, 2014).

While acknowledging this general rule, however, courts do permit the admission of certain evidence not known to a defendant law enforcement officer, if that evidence is relevant for some other purpose. Boyd v. City & Cnty. of S.F., 576 F.3d 938 (9th Cir. 2009) (permitting the admission of evidence regarding a decedent's plan, intent, or motive to commit suicide by cop under Federal Rule of Evidence 404(b), and evidence that the decedent was on drugs at the time officers shot him because that evidence "was highly probative of his conduct, particularly in light of his erratic behavior . . . ."); Willis, 2014 WL 1419239, at *20-22 (admitting evidence of the decedent's intoxication at the time he was shot by police officers, even though the officers were unaware that he was under the influence, because the evidence tended to explain the decedent's erratic behavior and corroborated the officers' version of events, including that they believed the decedent might have committed a DUI offense prior to the shooting); Turner, 2014 WL 560834, at *2 ("It is not uncommon for courts to permit evidence that a plaintiff/decedent was under the

1 influence of drugs or alcohol in order to explain unusual behavior or to corroborate the officers'
2 version of how a decedent acted.").

3 Applying these rules here, the Court concludes that the evidence that is the subject of these
4 motions is admissible. First, any information that was communicated to Deputy Holton prior to
5 the shooting is admissible, as both parties acknowledge. Second, the other evidence is admissible
6 to explain Plaintiff's behavior and to corroborate Deputy Holton's version of events. Even
7 physical evidence of check forging is admissible, because it gives Plaintiff a motive to flee from
8 law enforcement.

9 This motion is DENIED.

10 Plaintiff's Motion in Limine Number Two

11 This motion seeks an order "to exclude evidence regarding the gun found in Plaintiff's
12 vehicle after the shooting, except as known by defendant Holton at the time of the shooting."

13 The fact that a gun and ammunition were found in Plaintiff's vehicle is probative of his
14 preparation, intent, and opportunity to carry out his plan of committing "suicide by cop." Such
15 evidence is therefore admissible under Federal Rule of Evidence 404(b)(2). Also, evidence that
16 the gun was located in the vehicle also corroborates Deputy Holton's testimony: Deputy Holton
17 testified that he saw Plaintiff reach for the center console of his vehicle as he disobeyed the
18 Deputy's commands.

19 However, there is no reason for the jurors to see photographs of the gun or ammunition
20 recovered from the vehicle. Such evidence will add nothing to the testimony that a gun was found
21 in the car, and is likely to inflame the jurors' emotions. That evidence will be excluded.

22 This motion is GRANTED IN PART and DENIED IN PART.

23 Defendants' Motion in Limine Number One

24 Defendants move in limine "for an order precluding Plaintiff Gary Lee Pickard from
25 offering any testimony or argument that is inconsistent with his standing criminal conviction
26 arising from his conduct during the subject incident." ECF No. 58 at 1.

27 It is difficult to know what relief Defendants are requesting. If the motion seeks an order
28 preventing Plaintiff from submitting argument that he did not threaten Deputy Holton or use force

or violence at *any* time prior to being shot, the motion must be granted, because Plaintiff pleaded guilty to a violation of California Penal Code § 69 in connection with his interaction with Deputy Holton.  The elements of a conviction under § 69 are:

> (1) the defendant unlawfully used force or violence to resist an executive officer; (2) when the defendant acted, the officer was performing his lawful duty; and (3) when the defendant acted, he knew the executive officer was performing his/her duty.

Cal. Crim. Jury Instr. 2652.  Thus, Plaintiff must acknowledge that he used force or violence at *some* time during his encounter with Deputy Holton.  Otherwise, his position at trial would run afoul of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), in which the Supreme Court held that a court may not enter a civil verdict that would be inconsistent with and would invalidate a criminal conviction arising from the same incident.

On the other hand, as the Court recently stated in its Order Denying In Part and Granting In Part Defendants' Motion for Summary Judgment, ECF No. 53, "Heck does not bar a civil ruling . . . where an underlying criminal conviction was based on actions separate from those supporting the civil action."  Id. at 6.  It is possible for the jury to find that Plaintiff's conduct was threatening at one point during the parties' encounter, but not at a later point, when he was shot.  Id. at 6-7.

The Court concludes that the most appropriate way to deal with this issue is by jury instruction, unless the parties reach a stipulation.  Accordingly, the Court will deny Defendants' motion without prejudice.

Defendants' Motion in Limine Number Two

In this motion, Defendants move for an order "precluding plaintiff Gary Lee Pickard from offering any expert testimony pursuant to Federal Rules of Evidence 702, 703, or 705 andprecluding plaintiff from calling any of plaintiff's treating physicians, including Dr. Scott Benninghoven, M.D., Dr. Chris Kosakowski, M.D., and Dr. Eugene Belogorsky, M.D., at trial."  ECF No. 59.  Plaintiff responds that he did disclose such physicians as percipient witnesses, and that his failure to designate them as experts was both justified[2] and harmless.

---

[2] The asserted ground of justification was the fact that Plaintiff was incarcerated for some period

4

The circuit courts have drawn different rules regarding the disclosure of treating physicians as witnesses in civil trials. Some courts have held that treating physicians are experts that must be properly disclosed under Federal Rule of Civil Procedure 26. See, e.g., Musser v. Gentiva Health Servs., 356 F.3d 751, 756 n.2 (7th Cir. 2004). The Ninth Circuit, however, has not. In this circuit, the rule is that a treating physician who testifies only as a percipient witness need not have been disclosed as an expert. Hoffman v. Lee, 474 F. App'x 503, 505 (9th Cir. 2012), cert. denied, 133 S. Ct. 264 (2012). Moreover, such a witness need not have prepared the expert report required by Federal Rule of Civil Procedure 26(a)(2):

> Generally speaking, treating physicians are excused from this requirement. They are a species of percipient witness. They are not specially hired to provide expert testimony; rather, they are hired to treat the patient and may testify to and opine on what they saw and did . . . .

Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 819 (9th Cir. 2011).[3] A treating physician testifies as a percipient witness when she confines her testimony to the actions she took and the opinions she reached during her treatment of a party. Hoffman, 474 F. App'x at 505.

Plaintiff has submitted evidence sufficient to show that he disclosed Drs. Benninghoven and Kosakowski as potential witnesses in the case. Defendants' motion is therefore

\ \ \

\ \ \

\ \ \

\ \ \

---

of time. Plaintiff's counsel fails to explain how *his client's* incarceration prevented *him* from complying with his professional obligations. The Court will not address this argument further.

[3] Many of the district court cases cited by the Goodman court support Defendants' position that a treating physician must always be disclosed as an expert witness, although she need not furnish an expert report if she is testifying only to actions taken and opinions formed during her treatment of a party. See, e.g., Armatis v. Owens-Brockway Glass Container, Inc., No. CIV-S082538-LKK/EFB, 2010 WL 148692, at *2 (E.D. Cal. Jan. 14, 2010) ("a treating physician must be disclosed as an expert"); see also Goodman, 644 F.3d at 825 (citing cases). Hoffman is the only Ninth Circuit case located by the parties to address the facts before this Court, however, and the Court is therefore bound to follow it. The Court notes in passing that neither party cited any Ninth Circuit authority in its discussion of this issue.

DENIED as to these witnesses. Plaintiff did not disclose Dr. Belogorsky. Defendants' motion is GRANTED as to that witness.

**IT IS SO ORDERED.**

Dated: January 1, 2015

_____
JON S. TIGAR
United States District Judge